## Miles v. Milesburg Borough.

*Arthur C. Dale*, for plaintiff.

*J. K. Johnston* and *P. H. Johnston*, for defendant.

FLEMING, P. J., July 10, 1930.—This matter comes before us upon a motion by the defendant to strike off plaintiff's statement for reasons assigned therein.

The case arises from the condemnation by the defendant borough of certain lands of the plaintiff for the purpose of assisting the Department of High-

ways of this Commonwealth in relocating and rebuilding a state highway through the defendant borough. While the matter is before us in the nature of an original action in trespass, it is, in reality, an appeal from the award of viewers appointed pursuant to law. This, of course, makes no difference, so far as the correctness of the pleadings is concerned, but must, nevertheless, be borne in mind in considering the sufficiency of the plaintiff's statement.

No attack is made upon the regularity of the proceedings by which the defendant has exercised its power of eminent domain. The regularity of such is, in fact, affirmed in the statement filed. The entry of the defendant borough, so far as land taken for the state highway, to wit, a width of 30 feet and an approximate length of 150 feet, is a legal entry. The established rule in determining plaintiff's rights therein is a consideration of the advantages and disadvantages arising from the taking of the land and the building of the road as affecting the value of the plaintiff's property. In short, the measure of damages is the difference, if any, in the value of the plaintiff's property before and after the taking by the defendant borough.

Much of the matter averred in plaintiff's statement is evidential in character. When a statement contains matters of evidence, it may be stricken from the record, as such matter cannot be treated as mere surplusage: Eagle v. Armstrong, 1 D. & C. 597.

Furthermore, plaintiff's statement complains that the defendant obstructed plaintiff's approach to his dwelling house and outbuildings; that it created a situation whereby water collected, and continues to collect, on a certain part of plaintiff's land; that the grade was raised; that shrubs, hedges, walks and drives were destroyed; and that the drainage of plaintiff's land was obstructed. These and many other specific complaints are voiced in the statement filed. It will suffice to say that any such specific complaints as arise from the legal entry of the defendant upon the land taken may be considered on the trial of the cause by way, and only by way, of showing a depreciating effect upon the value of plaintiff's land. Such complaints as arise other than from the legal entry of the defendant—and are, therefore, the result of alleged illegal acts of the defendant, its agents or employees—are not cognizable in this action.

That the statement is not "as brief as the nature of the case will admit" is clear. It thus offends section 9 of the Practice Act, which is mandatory, not merely directory: Fuller v. Stewart Coal Co., 27 Dist. R. 512; Schwartz v. Bank of Pittsburgh, 67 Pitts. L. J. 809. This statement does not "contain, and contain only," a statement in a concise and summary form of the material facts on which the party pleading relies for his claim, and, therefore, offends section 5 of the Practice Act, which is also mandatory.

That the plaintiff can declare in a much more succinct and concise form the nature of his demand arising under the alleged legal entry of the defendant in condemnation proceedings is clear. That the issue will be clearer and the trial thereof more expeditious and satisfactory is beyond question. Much of the matter contained in the statement filed will remain matters for proof at the trial. Such matters as are not the consequence of the legal entry of the defendant shall be eliminated entirely from consideration in this action.

And now, July 10, 1930, motion of defendant to strike plaintiff's statement from the record is allowed and plaintiff's statement accordingly stricken from the record, the plaintiff to be permitted to file an amended statement in conformity with this opinion within fifteen days from this date, unless such time be extended by order of this court.   From S. D. Gettig, Bellefonte, Pa.